☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. 26-869M(NJ) |
| Device A (#C2512230037 item #1), Device B (#C2512230037 | ) | |
| item #2), and Device C (#C2512230037 item #3). All devices | ) | |
| are currently located at the Milwaukee Police Department | ) | |
| District Five Police Station. | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____ *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before ____4/17/2026____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.      ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Honorable Nancy Joseph____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     ____4/3/2026 @ 2:53 p.m.____

*Judge's signature*

City and state:     ____Milwaukee, WI____          Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

The property to be searched is described as follows:

      a.     A black Apple iPhone with no case which was located during a court authorized search warrant at 6330 W. Carmen Ave. #3, Milwaukee, WI. in the northeast bedroom next to the bed. The device is currently listed on Milwaukee Police Inventory #C2512230037 item #1. This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device A".

      b.     A black Apple iPhone with black case and cracked screen, also located in the same bedroom during the same court authorized search warrant. This device is currently listed on Milwaukee Police Inventory #C2512230037 item #2. This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device B".

      c.     A black Apple iPhone with black case, also located in the same bedroom during the same court authorized search warrant. This device is currently listed on Milwaukee Police Inventory #C2512230037 item #3. This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device C".

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of Title 18, United States Code, Sections 922(g) and 924(c); and Title 21, United States Code, Section 841(a)(1), and involve JACKSON, including, but not limited to:

   a. lists of customers and related identifying information;

   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. text, voice, audio, and/or social media messages or posts indicative of drug trafficking;

   d. any information related to sources of drugs or firearms and co-conspirators (including names, addresses, phone numbers, or any other identifying information);

   e. any information recording JACKSON's schedule or travel;

   f. all bank records, checks, credit card bills, account information, and other financial records;

   g. any information related to JACKSON's purchase, receipt, or possession of firearms during the time he has been prohibited by federal law from possessing the same;

   h. photographs and/or videos depicting possession of drugs or firearms;

   i. records of internet activity, including browser history, search terms that the user entered into any Internet search engine, and records of user-typed web addresses

2. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

1

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Device A (#C2512230037 item #1), Device B (#C2512230037 item #2), )
and Device C (#C2512230037 item #3). All devices are currently )
located at the Milwaukee Police Department District Five Police Station. )

Case No. 26-869M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Please see Attachment A.

located in the _____ Eastern _____ District of _____ Wisconsin _____ , there is now concealed *(identify the person or describe the property to be seized)*:
Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §922(g) | possession of a firearm by a felon |
| 18 U.S.C. §924(c) | possession of a firearm in furtherance of a drug trafficking offense |
| 21 U.S.C. §841(a) | possession with intent to distribute controlled substances |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

ANTHONY WINKLER Digitally signed by ANTHONY WINKLER
Date: 2026.04.02 12:55:35 -05'00'

*Applicant's signature*

Anthony Winkler, Special Agent - ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: 4/3/2026

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

I, Anthony T. Winkler, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been since March of 2016. I have been assigned to the Eastern District of Wisconsin since August of 2020. Prior to being employed as a Special Agent with the ATF, I was employed as a U.S. Secret Service Counter Sniper Technician / Uniformed Division Officer for approximately eleven (11) years. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by the law to conduct investigations of and to make arrests for federal felony offenses.

3.      As an ATF Special Agent, I have had formal training in the investigation of federal firearms violations. I have also participated in the investigation of narcotics-related offenses, which have included the seizure of illegal drugs, weapons, United States currency, and other evidence of criminal activity. Through my training and experience, I have become aware of the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds. I know that drug

1

traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such.

4.      In the course of my employment and experience, I have also become aware of techniques and practices used by drug traffickers to avoid detection by law enforcement. Examples of those techniques include the use of multiple locations to conduct narcotics related activities, the use of counter-surveillance, the use of mobile telephones, voice mail, texting, instant messaging, email, and the compartmentalized use of multiple telephones to further their criminal activity.

5.      This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICES TO BE EXAMINED

6.      The property to be searched is described as follows:

a.      A black Apple iPhone with no case which was located during a court authorized search warrant at 6330 W. Carmen Ave. #3, Milwaukee, WI, in the northeast bedroom next to the bed. The device is currently listed on Milwaukee Police Inventory #C2512230037 item #1. This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device A".

2

b. A black Apple iPhone with black case and cracked screen, also located in the same bedroom during the same court authorized search warrant. This device is currently listed on Milwaukee Police Inventory #C2512230037 item #2. This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device B".

c. A black Apple iPhone with black case, also located in the same bedroom during the same court authorized search warrant. This device is currently listed on Milwaukee Police Inventory #C2512230037 item #3. This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device C".

7. Based on the investigation described herein, there is probable cause that evidence of violations of Title 18, United States Code, Section 922(g) (possession of a firearm by a felon); and Section 924(c) (possession of a firearm in furtherance of a drug trafficking offense); and Title 21, United States Code, Section 841(a) (possession with intent to distribute controlled substances), will be located on the above-described devices.

8. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data more particularly described in Attachment B.

**PROBABLE CAUSE**

9. In November and December 2025, police officers with Milwaukee Police Department conducted surveillance at 6330 W. Carmen Avenue and saw Travis Jackson (DOB: XX/XX/1996) arrive and exit the premises multiple times and enter and drive two

3

different Audi vehicles and a red Dodge Caravan. Officers also saw Jackson with what appeared to be an extended magazine tucked in his waistband or protruding from his jacket pocket on multiple occasions. Jackson is a convicted felon on parole. A review of Jackson's Instagram page showed posts made in November and December of 2025 of Jackson with two firearms with extended magazines in an Audi vehicle.

10. On December 23, 2025, at approximately 8:08 AM, members of the Milwaukee Police Department executed a court authorized search warrant at 6330 W. Carmen Ave. #3, Milwaukee, WI. The target of the search warrant was Travis L. Jackson who is a previously convicted felon in the State of Wisconsin under Waukesha County Case number 2016CF000810.

11. During the search of the residence, Officers located two (2) Glock pistols with extended magazines, $7,609.00 U.S. Currency, three (3) Apple iPhones (Devices A,B, and C), custom made jewelry linked to Jackson through surveillance by law enforcement and investigation into Jackson's public social media accounts, and a key fob for an Audi A5 which was parked in front of the residence.

12. A search of the Audi A5 center console revealed JACKSON's Wisconsin Identification Card, a black functional digital scale which later tested positive for the presence of Fentanyl, a zip lock bag containing a pinkish substance which was suspected to be Fentanyl and three clear baggies containing suspected cocaine. A search of the vehicle's glove box revealed several unused clear plastic fold-to-close baggies and two mylar packages containing suspected marijuana. A search of the back seat of the vehicle revealed an open box of Nitrile exam gloves.

4

13. Once back at District Five Police Station, officers subjected samples of the suspected Fentanyl to the Mobile Detect Fentanyl test kit and received a positive result. The Fentanyl had a total weight of 66.11 grams. Officers then tested the suspected marijuana to the Mobile Detect THC test and received a positive result. The total weight of the marijuana was 7.16 grams. Officers then tested the suspected cocaine with the Mobile Detect Cocaine test and received a positive result. The total weight of the cocaine from all three baggies was 66.16 grams.

14. Based on my training and experience, the circumstances outlined above are indicative of possession of controlled substances for the purpose of street-level distribution.

15. In addition, street-level drug dealers often possess firearms to protect their product and profits. Street-level drug dealers commonly use cellular phones, including smartphones, to maintain contact and arrange transactions with their sources and customers. They often possess and use multiple such devices in an effort to compartmentalize their illegal activity and/or avoid law enforcement detection.

16. In my experience, it is common for cell phones belonging to suspects who possess illicit drugs and firearms to contain photographs and depictions, descriptions, or discussions pertaining to their use, possession, or distribution of these items. For the most part, cell phones continue to hold this sort of electronically stored information indefinitely unless and until it is intentionally deleted or deleted pursuant to a scheduling system within the device. I therefore respectfully seek a warrant to search the Devices for records and information of this sort, including evidence bearing on JACKSON's unlawful possession and distribution of controlled substances and firearms.

5

17. The Devices are currently in the lawful possession of the Milwaukee Police Department, which seized and has held the Devices as evidence for its investigation into JACKSON. While the Milwaukee Police Department might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

18. The Devices are currently in storage at Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. In my training and experience, I know that the Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the Milwaukee Police Department.

## **TECHNICAL TERMS**

19. Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the

6

Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

7

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

20. Based on my training, experience, and research, I know that the Devices have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the devices.

8

<u>**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**</u>

21.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

22.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore,

9

contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

23. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Devices to human inspection in order to determine whether it is evidence described by the warrant.

24. *Manner of Execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

25. I respectfully submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

10

# ATTACHMENT A

The property to be searched is described as follows:

      a.     A black Apple iPhone with no case which was located during a court authorized search warrant at 6330 W. Carmen Ave. #3, Milwaukee, WI. in the northeast bedroom next to the bed. The device is currently listed on Milwaukee Police Inventory #C2512230037 item #1.  This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device A".

      b.     A black Apple iPhone with black case and cracked screen, also located in the same bedroom during the same court authorized search warrant. This device is currently listed on Milwaukee Police Inventory #C2512230037 item #2.  This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device B".

      c.     A black Apple iPhone with black case, also located in the same bedroom during the same court authorized search warrant. This device is currently listed on Milwaukee Police Inventory #C2512230037 item #3.  This device is currently located at the Milwaukee Police Department District Five Police Station, 2920 N. Vel R Phillips Ave. Milwaukee, WI. Hereinafter referred to as "Device C".

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of Title 18, United States Code, Sections 922(g) and 924(c); and Title 21, United States Code, Section 841(a)(1), and involve JACKSON, including, but not limited to:

 a. lists of customers and related identifying information;

 b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

 c. text, voice, audio, and/or social media messages or posts indicative of drug trafficking;

 d. any information related to sources of drugs or firearms and co-conspirators (including names, addresses, phone numbers, or any other identifying information);

 e. any information recording JACKSON's schedule or travel;

 f. all bank records, checks, credit card bills, account information, and other financial records;

 g. any information related to JACKSON's purchase, receipt, or possession of firearms during the time he has been prohibited by federal law from possessing the same;

 h. photographs and/or videos depicting possession of drugs or firearms;

 i. records of internet activity, including browser history, search terms that the user entered into any Internet search engine, and records of user-typed web addresses

2. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

1

Case 2:26-mj-00869-NJ Filed 04/03/26 Page 18 of 19 Document 1

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2